UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHANDREA T. AGNEW,

                                        Plaintiff,

     -v.-

                                                     5:11-CV-198

DIANE RANDALL, *et al.*,                            (GLS/ATB)

                                        Defendants.

---

APPEARANCES:

CHANDREA T. AGNEW
Plaintiff *pro se*

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint, together with an application to proceed *in forma pauperis* filed by plaintiff, Chandrea T. Agnew. (Dkt. Nos. 1, 3). Plaintiff has also filed a motion for appointment of counsel. (Dkt. No. 4).

**I.**    *In Forma Pauperis* **(IFP) Application**

A review of plaintiff's IFP application shows that she declares she is unable to pay the filing fee. (Dkt. No. 3). She is unemployed, states that she is on public assistance (PA), and she receives food stamps. *Id.* at 2. Thus, for purposes of this Order, the Court finds that plaintiff meets the economic criteria for proceeding without the payment of fees.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss

the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a pro se complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The Court will now turn to a consideration of the

plaintiff's complaint under the above standards.

## II.  Complaint

Plaintiff identifies approximately seventeen[1] defendants who she claims have been harassing her and monitoring her through "technology devices," including implanting a microchip in her brain. (Compl. at 2-4, 6).[2] In the "Defendants" section of the form-complaint she also appears to be attempting to name "all my relatives/religious organizations/some are not listed not enough info." (Compl. at 3). She claims that defendants have invaded her privacy, defamed her character, and have falsely diagnosed her with a mental disability. *Id.* at 2-4, 6.

A brief summary of plaintiff's claims as far as the court can determine is that she has gone through involuntary surgery and has had some sort of device implanted into her brain.  Plaintiff alleges that her family, the Syracuse Police, the FBI, and the doctors do not believe her.  The medical defendants have falsely diagnosed her with a mental disease.  Based upon these false diagnoses, plaintiff states that she has been defamed and her reputation impaired by her family[3] and by her church congregation.

In the "Relief" section of her complaint, plaintiff states that she wishes that

---

[1] Plaintiff has submitted only nine proposed summonses. (Dkt. No. 3-1).  She has included multiple defendants on three of these summonses. (Dkt. No. 3-1 at 1, 15, 17).

[2] The court is citing to the pages of the complaint, assigned by the court's electronic filing system (CM/ECF).  The court also notes that plaintiff has included what appear to be some relevant facts in the captions of her proposed summonses. (Dkt. No. 3-1).  In an effort to interpret plaintiff's claims, the court has examined all the documents that she submitted with her complaint.

[3] Plaintiff makes it clear that she is not suing her mother. (Dkt. No. 3-1 at 1) (Proposed Summonses).

3

"these people and others they know" be "confronted and arrested" or told to leave plaintiff alone. (Compl. at 5).

## III. Jurisdiction

Plaintiff states that she is bringing this action pursuant to 42 U.S.C. § 1983. In order to assert a claim under section 1983, the plaintiff must allege that she has been deprived of a constitutional or federal statutory right by a defendant ***acting under color of state law***. 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988)). The actions of private individuals are not deemed to be under color of state law unless those individuals are conspiring with state officials to deprive the plaintiff of her constitutional rights. *See Tower v. Glover*, 467 U.S. 914, 919-20 (1984). However, a conclusory allegation that a private individual "conspired" with a state actor fails to state a claim under section 1983. *Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992). To state a claim against a private individual on a conspiracy theory, the private defendant must have acted in concert with the state actor to commit the unconstitutional act. *Id.* Ultimately, the question becomes whether the conduct that caused the constitutional violation can be "fairly attributable to the state." *Id.*

Additionally, the actions of a nominally private entity are attributable to the state when the entity acts pursuant to the "coercive power" of the state: when the entity is a "willful participant" in joint activity with the state; when the entity's functions are "entwined" with the state; or when the entity has been delegated a public function by the state. *Sybalski v. Independent Group Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Ath.*

4

*Ass'n*, 531 U.S. 288, 296 (2001)). However, it is not enough that the state is somehow involved with the defendant institution. *Id.* at 257-58 (citing *inter alia Schlein v. Milford Hosp., Inc.*, 561 F.2d 427, 428 (2d Cir. 1977)). Plaintiff must allege that the state was involved with the activity that caused plaintiff the injury that gives rise to the action. *Id.*

In this case, a review of all of the defendants listed by plaintiff shows that all defendants except Stephanie Miner (Mayor of Syracuse); Syracuse Police Department; the District Attorney's Office; the "Sheriff['s] Office; and Court Houses in Syracuse, New York are either private individuals or private entities that would not act under color of state law. Plaintiff states that she is suing all her relatives and religious organizations, some of which were not named because there was not "enough information." Plaintiff mentions that her "right to privacy" has been violated, but plaintiff does not allege that these private individuals or entities conspired with the state actors to deprive her of any constitutional right to privacy or any other constitutional or statutory right.

Plaintiff names two hospitals and a health center. These appear to be private entities. Although it is likely that these entities are subject to state regulations for the care of patients, this is insufficient to confer state action on the entities. *Sybalski*, 546 F.3d 257-60. *See also Baum v. Northern Dutchess Hosp.*, 1:10-CV-424, 2011 WL 240196, *13-14 (N.D.N.Y. Jan. 24, 2011) (Treece, M.J.) (on consent).

Thus, all of the private defendants may be dismissed from this action including Dianne Randall, Shaakira Giles, Katrina Thomas, Nykisha Giles, Phil Turner and the

5

Bethany Baptist Church Congregation, Lemoyne College and Graduate Education Program, Perry Randall, Lewis Thomas, St. Joseph's Hospital Health Center (Comprehensive Psychiatric Emergency Program – (CPEP)), Crouse Hospital, Dr. Steinzer and other health officials.

## IV. Merits

### A. Right to Privacy

Plaintiff mentions the right to privacy. Plaintiff seems to allege that somehow, a microchip or other tracking device was implanted in her head, and she is upset because no one will give her a "cat scan" or a second opinion regarding this electronic device that may be in her head. Plaintiff does not allege who implanted the device or when it was implanted. She mentions Dr. Steinzer (apparently a physician) in the caption of her complaint, however, there is no indication in the body of the complaint what Dr. Steinzer did to plaintiff.[4]

Courts have recognized the "'well-established, traditional rights to bodily integrity and freedom from unwanted touching.'" *See Blouin ex rel. Estate of Pouliot v. Spitzer*, 356 F.3d 348, 360 (2d Cir. 2004) (quoting *Vacco v. Quill*, 521 U.S. 793, 807 (1997)) (discussing these rights in the context of withholding life-sustaining medical treatment for an incompetent individual and contrasting this with a competent

---

[4] In her proposed summons against the medical personnel and hospitals, plaintiff states that Dr. Steiner and others tried to diagnose plaintiff with a mental disease and did not take her seriously when she told them about the electronic devices that "in her head, ear, and other body parts (that were being monitored against my will/consent). (Dkt. No. 3-1 at 15). Thus, it appears that the medical personnel did not perform the surgery, but rather falsely diagnosed plaintiff with a mental disease and did not take her seriously when she told them about the chip or chips.

individual refusing life-sustaining medical treatment).  In this case, however, plaintiff does not allege that the individuals and entities that are acting under color of state law, such as the Syracuse Police Department, had anything to do with an unwanted surgery or the implantation of a device in her head.

Additionally, the law is well-settled that plaintiff cannot sue the "Police Department" and the "Sheriff's Office" because they do not exist as separate entities from the municipalities. *Baker v. Willett*, 42 F. Supp. 2d 192, 198 (N.D.N.Y. 1999).  In order to sue the municipality, plaintiff would have to allege a policy or custom under which the alleged constitutional violation occurred. *Rivera v. City of Yonkers*, 470 F. Supp. 2d 402, 408 (S.D.N.Y. 2007) (citing *inter alia Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).  Plaintiff alleges no such policy or custom.  In fact, it is unclear how any of the municipal defendants have harmed her.

Plaintiff names "Court Houses" in Syracuse. (Compl. at 3).  Plaintiff cannot sue a courthouse or courthouses.  It is impossible to determine what "Court Houses" could have done to this plaintiff or how the courts were responsible for any alleged constitutional violation.  Thus, any reference to courthouses may be dismissed.

### B.     Defamation

Plaintiff appears to generally allege that the defendants have defamed her character.  Although it is unclear, plaintiff may be attempting to allege defamation because she has been falsely diagnosed with "some type of mental disability." (Compl. at 2, 6).  As stated above, the individual defendants are not acting under color of state law, and thus, plaintiff cannot bring a section 1983 action against them.  In addition,

7

to the extent that any of the defendants acted under color of state law, it is well-settled that defamation is not actionable under section 1983. *Patterson v. City of Utica*, 370 F.3d 322, 329-330 (2d Cir. 2004) (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976); *Morris v. Lindau*, 196 F.3d 102, 114 (2d Cir. 1999)).  In order to state a claim, the damage to reputation must be accompanied by some significant deprivation such as dismissal from government employment or the alteration of some other right or status recognized by state law. *Neu v. Corcoran*, 869 F.2d 662, 667 (2d Cir.), *cert. denied*, 493 U.S. 816 (1999).  This standard is referred to as "stigma plus." *Id.*

In this case, plaintiff simply claims that the result of the defamation was that her chances of "job employment" were "hurt." (Compl. at 2).  However, the effect that the defamation may have on job prospects is insufficient. *Valmonte v. Bane*, 18 F.3d 992, 1001 (2d Cir. 1994).  Absent the additional element going beyond the defamation, plaintiff's only recourse is a state law defamation action for damages. *Patterson*, 370 F.3d at 330.  Plaintiff in this case cannot sustain any of her alleged civil rights claims. Although the court has serious doubts whether plaintiff can ever state a claim under the facts as stated in her complaint, the court will recommend dismissing the action without prejudice to filing an amended complaint.

**IV.   Appointment of Counsel**

Because this court is recommending dismissal of this complaint, the court will deny plaintiff's motion for appointment of counsel at this time as moot.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiff's motion to proceed *in forma pauperis* (Dkt.

No. 3) be **DENIED**, and the complaint be **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDCICE**, *sua sponte,* pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), and it is further

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 4) be **DENIED AS MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: February 28, 2011

_Andrew T. Baxter_
Hon. Andrew T. Baxter
U.S. Magistrate Judge